**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 96-11371
Summary Calendar
_____

TIMOTHY E. WHEELER,

Plaintiff-Appellee,

VERSUS

JIM BOWLES, Sheriff, ET AL

Defendants,

JIM BOWLES, Sheriff; STEVE BOWERS, Dr.

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:95-cv-2413-BD)
_____

August 7, 1997
Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellants challenge the district court's order denying their motion to dismiss based on qualified immunity. Wheeler, an inmate in the Dallas County jail, sued appellants contending that they provided inadequate medical care. The magistrate judge granted

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

summary judgment and dismissed a number of Wheeler's claims, but declined to dismiss Wheeler's dental and medical care claims.

We have reviewed the summary judgment record and conclude that factual development is needed to determine whether Wheeler's medical conditions about which he complained were inadequately treated were sufficiently serious to raise an Eighth Amendment claim. Because the factual issues exist relating to the seriousness of Wheeler's medical and dental condition, we conclude that the district court correctly found that fact issues are presented. Because fact issues are presented, we do not have appellate jurisdiction to review the district court's denial of defendant's qualified immunity motion.[1] <u>Johnson v. Jones</u>, 115 S. Ct. 2151, 2154 (1995); <u>Nerren v. Livingston Police Department</u>, 86 F.3d 469, 471-72 (5th Cir. 1996).

APPEAL DISMISSED.

---

[1]Although we conclude that we have no appellate jurisdiction, the appeal is not frivolous and we deny Appellee Wheeler's motion for Fed. R. App. P. 38 sanctions.